IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-cr-00079-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL LYLE BLAIR,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Alecia L. Riewerts, Assistant United States Attorney, and defendant, MICHAEL LYLE BLAIR, personally and through counsel, Edward R. Harris, Assistant Federal Public Defender, submit the following Plea Agreement.

### I. PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties understand that any recommendations that a particular sentence or sentencing range be imposed pursuant to this Plea Agreement are not binding on the court.

A. **Defendant's Obligations**

    1. **Count of Conviction**

The defendant agrees to plead guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography. The



defendant also agrees to admit the Forfeiture Allegation contained in the Indictment.

2. **Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 28; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

3. **Defendant's Abandonment of Right, Title, and Claim to Seized Property**

The United States of America and the defendant hereby agree that any property subject to forfeiture pursuant to 18 U.S.C. § 2253, seized from the defendant, and currently in the custody and/or control of Immigrations and Customs Enforcement (ICE) Homeland Security Investigations, was properly seized and that such property constitutes evidence, potential evidence as further described in the stipulation of facts, contraband, or fruits of the crimes to which the defendant has pleaded guilty. As such, the defendant hereby relinquishes all claims, title, and interest the defendant has in such property, specifically: one Generic Computer Tower, containing one internal Intel Solid State Disk (SSD) Drive bearing serial number CVCV203200QU240CGN and one Western Digital External hard drive, containing one internal Western Digital hard drive bearing serial number WCAWZ2208331, to the United States of America with the understanding and consent that the ICE HSI, or other appropriate agency, is to destroy the property described above forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

As part of the plea agreement in this case, the defendant hereby states under penalty of perjury that the defendant was the sole and rightful owner of the previously referenced property, and that the defendant hereby voluntarily abandons all right and claim to this property.

4. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18

U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: one Generic Computer Tower, containing one internal Intel Solid State Disk (SSD) Drive bearing serial number CVCV203200QU240CGN and one Western Digital external hard drive, containing one internal Western Digital hard drive bearing serial number WCAWZ2208331. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

5. **Restitution**

Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and(c) as may be proved by the government or stipulated to by the parties. Defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense to which defendant is pleading guilty. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c), and the term "full amount of the victims' losses" is defined in 18 U.S.C. § 2259(b)(3). As outlined below, the parties have stipulated to the full amount of

4

compensable losses for purposes of this case. The government agrees not to advocate on behalf of any future restitution requests since they were not submitted before this agreement was reached. However, the parties recognize that this agreement does not limit the Court's discretion as it relates to awarding restitution.

Pursuant to 18 U.S.C. §§ 2259 and 3771, the government contacted all identified victims and asked them to notify the government if they wished to seek restitution. At this time, the following victims have submitted restitution requests by letter through their respective attorneys pursuant to 18 U.S.C. § 2259: "Alice" (the victim depicted in the At_Dawn child pornography series), "Andy" (the victim depicted in the SpongeB child pornography series), "Aurora" (the victim depicted in the LJ child pornography series), "Cindy," "Donatello" (the victim depicted in the Feb21 child pornography series), "John Doe II" (one of the victims depicted in the 8kids child pornography series), and "John Doe IV" (one of the victims depicted in the 8kids child pornography series). The defendant agrees by stipulation to pay restitution to these individuals, who are victims of the offense of conviction. After consultation with the attorney for "Alice," it is agreed between the parties that $3,000 restitution is to be awarded to "Alice" and that the restitution to "Alice" be made payable to "Carol Hepburn in trust for Alice." After consultation with the attorney for "Andy," it is agreed between the parties that $3,000 restitution is to be awarded to "Andy" and that the restitution to "Andy" be made payable to "Marsh Law Firm PLLC in trust for Andy." After consultation with the attorney for "Aurora," it is agreed between the parties that $3,000 restitution is to be awarded to "Aurora" and that the restitution to "Aurora" shall be made payable to "Carol Hepburn in

trust for Aurora." After consultation with the attorney for "Cindy," it is agreed between the parties that $3,000 restitution is to be awarded to "Cindy" and that the restitution to "Cindy" shall be made payable to "Cusack, Gilfillan & O'Day, LLC for Cindy." After consultation with the attorney for "Donatello," it is agreed between the parties that $3,000 restitution is to be awarded to "Donatello" and that the restitution to "Donatello" shall be made payable to "Deborah A. Bianco in trust for Donatello." After consultation with the attorney for "John Doe II," it is agreed between the parties that $3,000 restitution is to be awarded to "John Doe II" and shall be made payable to "The Law Office of Erik L. Bauer In Trust for John Doe II." After consultation with the attorney for "John Doe IV," it is agreed between the parties that $3,000 restitution is to be awarded to "John Doe IV" and shall be made payable to "The Law Office of Erik L. Bauer In Trust for John Doe IV." The defendant agrees that there is a factual basis for the entry of restitution awards to "Alice," "Andy," "Aurora," "Cindy," "Donatello," "John Doe II," and "John Doe IV" in these amounts.

Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant understands full restitution will be ordered regardless of defendant's financial resources. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order

entered at the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

B.  **Government's Obligations**

   1. **Other Violations of Law**

   If the defendant enters an unconditional plea of guilty to Count One of the Indictment and otherwise fulfills all obligations outlined above, the government agrees not to charge the defendant with any other violations of law now known to the United States Attorney's Office for the District of Colorado related to the search of the defendant's digital storage devices recovered pursuant to search warrants executed at the defendant's residence in December 2013 and January 2014.

   2. **Acceptance of Responsibility**

   If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility, pursuant to § 3E1.1, is appropriate and agrees to make the appropriate motion at sentencing.

C.  **Effect of Withdrawal from Plea Agreement**

   The parties stipulate and agree that the government may unilaterally withdraw

from this Plea Agreement under any of the following circumstances:  1) if the defendant does not plead guilty to Count One of the Indictment; 2) if the Court does not accept the defendant's guilty plea; 3) if the defendant successfully withdraws his plea, either in the district court or on direct or collateral appeal; 4) if the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count of conviction for any reason; or 5) if the court rejects this Plea Agreement (or any part thereof), either before, during, or after sentencing.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered, the crime of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), are as follows:

*One*: Defendant knowingly possessed any computer disk or other material that contained an image of child pornography;

*Two*: That the child pornography has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Three*: That when the defendant possessed the child pornography, he knew it was child pornography.[1]

---

[1] 18 U.S.C. § 2252A(5)(B); Eleventh Circuit Pattern Jury Instruction O83.4A (2016)

Possession is defined as "the holding or having something material or immaterial as one's own, or in one's control." *United States v. Bass,* 411 F.3d 1198, 1201 (10th Cir. 2005) (quotations and citations omitted) (child pornography possession case).

"Child pornography" is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.[2]

"Sexually explicit conduct" means actual or simulated:

1. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or
2. bestiality; or
3. masturbation; or
4. sadistic or masochistic abuse; or
5. lascivious exhibition of the genitals or pubic area of any person.[3]

### III. STATUTORY PENALTIES

Based on the defendant's criminal history known at this time, the applicable maximum statutory penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) is not more than 10 years imprisonment, not more than a $250,000 fine, or both. 18 U.S.C. § 2252A(b)(2). Pursuant to 18 U.S.C. § 3583(k), because the defendant is pleading guilty

---

[modified]. The Tenth Circuit does not have a pattern instruction on this crime.
[2] 18 U.S.C. § 2256(8)(A).
[3] 18 U.S.C. § 2256(2)(A).

to violating 18 U.S.C. § 2252A, the term of supervised release is not less than 5 years and up to a term of life. Defendant will also be required to pay a $100 special assessment fee.

The parties do not believe the following provision is applicable, but if the defendant has been previously convicted under Chapter 110, 71, 109A, 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) is not less than 10 years nor more than 20 years imprisonment, not more than $250,000 fine or both.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury. If the defendant is not a United States citizen, this conviction will result in the defendant's removal from the United States once he has completed any sentence of imprisonment.

A. **Future Violations of Supervised Release**

If supervised release is imposed, a violation of any conditions of probation or supervised release may result in a separate prison sentence and additional supervision. If a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or

117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant may be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above.

B. **Registration under the Sex Offender Registration and Notification Act**

The defendant has been advised and he understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon his release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, and information relating to intended travel outside the United States, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant has been advised, and understands, that failure

to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the Plea Agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein, which do not contradict the facts to which the parties have stipulated, and which are relevant to the guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4, 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." § 6B1.4 Comm.

The parties stipulate that the government's evidence would be:

The investigation of Michael Blair began when Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and the Colorado Springs Police Department began a joint money laundering investigation. The target of the investigation, Sona Blair, and other co-conspirators were believed to be deriving proceeds related to the income of prostitution and the international human trafficking of foreign national Asian females for the purpose of prostitution. A state search warrant was executed at the Blair residence in Colorado Springs, Colorado, on December 12, 2013, for the search and seizure of computers, digital storage media and other digital devices used to commit or facilitate commissions of Human Trafficking and/or Prostitution. Michael Blair, husband of Sona Blair, was present at the household when the search warrant was executed.

During the search warrant execution, a Western Digital "My Book" external hard drive containing one internal Western digital hard drive bearing serial number WCAWZ2208331 (hereinafter "Western Digital external hard drive") was seized from a closet in the master bedroom shared by Michael and Sona Blair. During the execution of the search warrant at the residence, Michael Blair stated during a non-custodial interview that his wife Sona did not know how to use a computer. The computer forensic examination of the Western Digital external hard drive by ICE HSI Special Agent Ed Schwaigert revealed a file structure consistent with child pornography and three images of child pornography were observed. At that time, a new state search warrant was sought and granted, authorizing the search of the Western Digital external

13

hard drive for evidence of child pornography. Additionally, a state search warrant was issued for the Blair residence, authorizing the seizure and search of evidence of child pornography.

The state search warrant was executed on January 7, 2014, at the defendant's residence in Colorado Springs, Colorado. Multiple digital storage devices were recovered, including one Generic Computer Tower containing one internal Intel Solid State Disk (SSD) Drive bearing serial number CVCV203200QU240CGN (hereinafter "Generic Computer Tower").

ICE HSI Special Agent Ed Schwaigert performed the subsequent computer forensic examination of the Western Digital external hard drive and Generic Computer Tower. The computer forensic examination of the defendant's Western Digital external hard drive, which was manufactured in Thailand, revealed that the device contained approximately 700,000 images depicting child pornography. A review of the Western Digital external hard drive's file structure revealed that child pornography had been sorted into multiple folders in the same directory on the hard drive. The folders bore names such as "Hardcore Childporn-Pthc-Kinderporno", "LS Magazine"[4], and "Pthc Folders"[5]. Folders named "Big Michael's Pictures" and "Michael's Old CD's" were found

---

[4] The "LS" models series are known by child pornography collectors as foreign-produced images of child pornography depicting minors engaged in sexually explicit conduct – specifically, depictions of nude or partially nude females between 6 and 18 years old. The series typically begin with a child posing fully clothed in age-inappropriate attire (for example wearing stiletto heels) and progressing to partially and fully nude pictures focused on the exposed genitals or pubic areas of the minor females.
[5] PTHC stands for "Pre-Teen Hardcore". In the world of child pornography collectors, this term indicates that the child pornography depicts a pre-pubescent minor engaged in sexual intercourse with one or more other adults or minors.

in the same directory. In addition to the more than 700,000 child pornography images, hundreds of pages of text stories describing the abduction and/or the sexual abuse of children were located on the Western Digital external hard drive. The following images are a sampling of the child pornography images possessed by the defendant, each of which depicts a minor from a child pornography series in which the child victim has been identified by law enforcement:

    (a) Name: Pthc – Mara 8Yo (21).jpg
        File Created: 04/22/2012 03:31:43AM
        Last Accessed: 10/01/2012 10:56:54PM
        Full Path: DE14-0012 Item 005C\Item 005C\C\Pthc Folders\Tara\Plaid Sheets\Pthc-Mara 8Yo (21).jpg
        Description: This is a picture of a nude pre-pubescent minor female who is lying on her back with her legs spread apart. An adult finger is penetrating her vagina.

    (b) Name: img20040928140721.jpg
        File Created: 07/04/2011 11:11:57AM
        Last Accessed 10/22/2012 02:33:36PM
        Full Path: DE14-0012 Item 005C\Item 005C\C\Quad\Ism\(Pthc) Mostlynewmostlyhard-1\ img20040928140721.jpg
        Description: This is a picture of a nude pre-pubescent minor female who is lying on her back. It depicts a close-up of an adult penis penetrating her vagina with ejaculate on her vagina.

    (c) Name: tara 5yr 04(1).jpg
        File Created: 07/05/2011 03:18:33AM
        Last Accessed: 10/24/2012 05:48:03AM
        Full Path: DE14-0012 Item 005C\Item 005C\C\Folders Combined\Tara\Plaid Sheets\tara 5yr 04(1).jpg
        Description: This is a picture of a nude pre-pubescent minor female from behind; she is bent forward with her legs spread apart, displaying her genitalia. An adult hand is spreading apart her vagina.

    (d) Name: !!!2008c.jpg
        File Created: 12/01/13 05:15:41PM
        Last Accessed: 12/01/13 05:15:41PM
        Full Path: DE14-0012 Item 005C\Item 005C\C\Program Files (x86)\QuadNews\download\QUADSUCKER2013\bdsm\!!!2008c.jpg

>Description: This is a picture of a nude pre-pubescent minor female who is lying on her stomach. The child's arms are bound behind her back with white rope that is wrapped around her torso multiple times. Her ankles are tied together with white rope. It appears that her wrists and/or forearms are tied with white rope to her ankles such that her lower legs are bent toward her buttocks at an approximately 60 degree angle.

The computer forensic examination of the Generic Computer Tower revealed that it had been connected to the Internet and accessed as late as December 12, 2013, just hours before the initial search warrant. The computer had downloaded files such as "Russian Rape 7.wmv" two days before the initial search warrant execution. The operating system on the computer showed that the registered owner was "Michael." There was only one non-default user account, which bore the user name "Michael." Additionally, the computer forensic examination revealed that the Western Digital external hard drive had been connected to the Generic Computer Tower and the Generic Computer Tower had been used to access the Western Digital external hard drive the night before the initial search warrant was executed on December 12, 2013.

Copies of all of the files depicting child pornography were provided to the National Center for Missing and Exploited Children ("NCMEC"). NCMEC reports that 11,843 of the image files possessed by the defendant depict minor victims previously identified by law enforcement. These files possessed by the defendant depict children from 217 identified child pornography series, including the minor victims "Alice," "Andy," "Aurora," "Cindy," "Donatello," "John Doe II," and "John Doe IV". Most of the images and videos depicting identified minor victims were produced outside the state of Colorado.

Defendant admits that the images he possessed were child pornography as defined in 18 U.S.C. § 2256(8)(A); that he knew they were child pornography when he possessed them; that the material depicted minors who had not attained the age of 12 years; that the offense involved material portraying sadistic or masochistic conduct or other depictions of violence; that he used a computer to commit the offense; that the offense involved more than 600 images; and that the child pornography had been mailed or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, when the defendant possessed them in Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of sentence in this case is governed by Title 18, United States Code, Section 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.

In order to aid the Court, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The defendant agrees and consents that facts that determine the offense level

17

will be found by the Court, by a preponderance of the evidence, and that the Court may consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report. The parties further agree that the stipulation of facts in this Plea Agreement will also be used by the Court in determining the sentencing guideline range.

The parties provide the following estimated guideline range for the Court's consideration pursuant to 18 U.S.C. § 3553(a)(4). The range and calculation of that guideline range is an estimate only, and the parties are not bound if the probation department determines that a different guideline range applies. Any estimation by the parties regarding the appropriate advisory guideline application does not limit the positions the parties may take at sentencing on the appropriate sentence for the Court to impose; rather, those limits are set out in Part I of this plea agreement. The Court may impose any sentence, up to the statutory maximum, regardless of any advisory guideline range computed, and the parties agree that the Court is not bound by any position of the parties.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

To the extent the parties disagree about the estimated guideline sentencing

factors, the computations below identify the factors which are in dispute. § 6B1.4(b).

**Offense Level**: The base guideline is § 2G2.2.

A. The base offense level for this offense is **18**. § 2G2.2(a)(1).

B. Because the pornographic material involved a prepubescent minor and minors who had not attained the age of 12, there is an increase of **+2** levels. §2G2.2(b)(2).

C. Because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, there is an increase of **+4** levels. § 2G2.2(b)(4).

D. Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, there is an increase of **+2** levels. § 2G2.2(b)(6).

E. Because the offense involved 600 or more images, increase by **+5** levels. § 2G2.2(b)(7)(D).

F. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

G. Defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by –1 for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

H. The adjusted offense level is **28**.

**Criminal History Category**

I. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") I. § 4A1.1.

J. The career offender and repeat and dangerous sex offender adjustments tentatively do not apply. § 4B1.1; § 4B1.5.

### Guideline Ranges

K. The guideline range resulting from the estimated offense level of **28** and the estimated criminal history category of I is **78** to **97** months imprisonment. However, the imprisonment range could be from **78** (bottom of CHC I) up to **175** months (top of CHC VI). The guideline range would not exceed, in any case, the statutory maximum of **120** months applicable to the count of conviction.

L. Pursuant to § 5E1.2, assuming the estimated offense level of **28**, the fine range for this offense would be $25,000 to $250,000, plus applicable interest and penalties. The guideline range would not exceed, in any case, the statutory maximum fine of $250,000 applicable to the count of conviction. 18 U.S.C. § 3571(b)(3).

M. Pursuant to 18 U.S.C. § 3583(k) and § 5D1.2(b)(2), if the Court imposes the term of supervised release, that term shall be at least 5 years but not more than life.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 11/3/17

MICHAEL LYLE BLAIR
Defendant

Date: 11/3/17

Edward R. Harris
Attorney for Defendant

Date: 11/3/17

Alecia L. Riewerts
Assistant U.S. Attorney

20