IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 17-cr-00079-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL LYLE BLAIR,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

    This matter is before the Court on Defendant Michael Lyle Blair's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 83) and Supplemental Motion for Compassionate Release (Doc. # 90). After complete review of Defendant's Motion and Supplement thereto, and after consideration of the applicable factors provided in 18 U.S.C. § 3553(a), IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

    FACTORS CONSIDERED:

1. In May 2018, Mr. Blair pled guilty to one count of possession of child pornography and was sentenced to 10 years' imprisonment.

2. As of the time of filing the instant Motion, Mr. Blair had served approximately 35 months' imprisonment. He is scheduled to be released on November 18, 2026. Therefore, Mr. Blair has served approximately 35% of his sentence.

3. Mr. Blair has exhausted his administrative remedies. He requested compassionate release from the Warden of FCI Englewood on July 21, 2020, which was denied on January 13, 2021. As a result, the Court has jurisdiction to consider the instant Motion on the merits.

4. The Court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a),]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

5. The Tenth Circuit has held that "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021). "[B]ecause USSG § 1B1.13 is not presently a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by prisoners, the district court has the authority to exercise its independent discretion to define the term 'extraordinary and compelling reasons.'" *United States v. Carr*, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (same).

6. Under the circumstances before the Court, USSG § 1B1.13's application note does provide a persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence—e.g., the defendant's terminal illness, advanced age, debilitating medical condition, or the death or

      incapacitation of the sole caregiver for the defendant's minor children. *See* USSG § 1B1.13, cmt. n.1(B)-(C).

7. Mr. Blair now seeks compassionate release. As the movant, Mr. Blair bears the burden to establish that he is eligible for a reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

8. In his Motion and Supplement thereto, Mr. Blair argues that his myriad health problems constitute extraordinary and compelling reasons justifying release. Specifically, he argues that he is at increased risk of severe illness or death if he becomes reinfected with COVID-19 due to his age (67 years old), obesity, chronic obstructive pulmonary disorder, asthma, and hypertension.

9. The Court finds that Mr. Blair's risk of becoming reinfected with COVID-19 is not extraordinary or compelling. Mr. Blair's medical records from the Bureau of Prisons ("BOP") demonstrate that Mr. Blair's diagnoses of obesity, chronic obstructive pulmonary disorder, asthma, and hypertension are controlled with medication and treatment. *See generally* (Doc. # 99-3). Further, Mr. Blair successfully recovered from COVID-19 in December 2020; his medical records reveal that he was asymptomatic and never required hospitalization. (*Id.* at 24–26.) He has since been fully vaccinated with the Moderna vaccine, which the FDA approved for emergency use after extensive testing because the vaccine was approximately 95% effective in preventing COVID-19 infection, including in participants with medical comorbidities associated with high risk of severe

|    | |
|---|---|
|    | COVID-19.[1] "Therefore, because Defendant will be at little-to-no risk of severe COVID-19 . . . , there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021) (citing *United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021)). |
| 10. | Mr. Blair also argues that he has an untreated brain aneurysm, and any delay in the surgery scheduled for May 12, 2021, would constitute an extraordinary and compelling reason warranting compassionate release. In so arguing, Mr. Blair publicly disclosed his surgery date. The Government informed the Court that Mr. Blair's disclosure required rescheduling his surgery to a date in the near future due to "safety and security concerns associated with the release of the date that Inmate Blair was to be transported to-and-from an outside medical provider . . . ." (Doc. # 102 at 1–2.) The Court finds that, under these circumstances, BOP's small delay of the surgery is reasonable and does not constitute an extraordinary and compelling reason warranting compassionate release. |
| 11. | The Court further finds that the Section 3553(a) factors weigh against early release in this case. Mr. Blair's child-pornography offense was serious, and the 120-month sentence imposed by this Court was within the advisory guidelines range. Search warrants executed at Mr. Blair's residence revealed hard drives containing hundreds of thousands of pornographic images of children. Testimony at his sentencing hearing reflected that Mr. Blair had previously engaged in the |

---

[1] *See* FDA Decision Memorandum, Moderna - Dec. 18, 2020, available at https://www.fda.gov/media/144673/download.

hands-on sexual abuse of two children. The Court agrees with the Government that Mr. Blair's argument that his age indicates he will not recidivate deserves little credence because Mr. Blair engaged in the conduct underlying his offense when he was nearly 60 years old. Instead, the Court credits the Probation Office's position that Mr. Blair "presents a high risk to reoffend" based on his criminal history and conduct. *See* (Doc. # 88 at 2). The Court finds that a reduction in sentence in this case would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence.

12. Because Mr. Blair has failed to demonstrate the existence of extraordinary and compelling circumstances and the Section 3553(a) factors weigh against his release, compassionate release is not justified in this case.

For the foregoing reasons, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 83) and Supplemental Motion for Compassionate Release (Doc. # 90) are DENIED.

DATED: June 10, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge